**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION, YOUNGSTOWN**

| | |
|---|---|
| **ROBERT SCHRIVER, on behalf of himself and all others similarly situated,** | **Case No. 4:14-cv-00136** |
| **Plaintiff,** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| **v.** | |
| **GOLDEN CORRAL CORPORATION,** | |
| **Defendant.** | |

Plaintiff Robert Schriver ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Landskroner Grieco Merriman LLC, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated co-workers who have worked as Associate Manager Candidates and/or Associate Manager trainees (collectively, "AM trainees") for Golden Corral Corporation ("Golden Corral" or "Defendant") anywhere in the United States.

2.      Plaintiff brings this action to recover unpaid overtime compensation for himself and similarly situated AM trainees as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

3.      Plaintiff also brings this action to recover unpaid overtime compensation for himself and similarly situated Ohio AM trainees as a Fed. R. Civ. P. 23 class action under the Ohio Revised Code §§ 4111.01 *et seq.* (the "Ohio Wage Laws").

4.     Plaintiff also brings this action to recover unpaid overtime compensation for himself and similarly situated Pennsylvania AM trainees as a Fed. R. Civ. P. 23 class action under the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. §§ 333.101 *et seq.* (the "Pennsylvania Wage Laws").

5.     Golden Corral is a buffet-style restaurant chain, which operates approximately 94 company-owned locations across the country.

6.     Golden Corral had $1.740 billion in system-wide sales (including its franchised and company-operated restaurants) in fiscal year 2015.

7.     Golden Corral classifies its AM trainees as non-exempt under the FLSA and equivalent state laws.

8.     Despite this classification, Golden Corral does not pay Plaintiff and other AM trainees any overtime premium, although it requires Plaintiff and other AM trainees to work more than 40 hours in many workweeks.

9.     Golden Corral has created a scheme whereby it pays all AM trainees a weekly lump sum, regardless of how many overtime hours the AM trainee works.

10.     Golden Corral's scheme violates the FLSA and its interpreting regulations, which state that a lump sum "paid for work performed during overtime hours without regard to the number of overtime hours worked does not qualify as an overtime premium[.]" 29 C.F.R. § 778.310.

11.     Put another way, it is illegal for Golden Corral to pay a lump sum in lieu of an overtime premium for each overtime hour worked. "If the rule were otherwise, an employer desiring to pay an employee a fixed salary regardless of the number of hours worked in excess of the applicable maximum hours standard could merely label as overtime pay a fixed portion of

such salary sufficient to take care of compensation for the maximum number of hours that would be worked." *Id.*

12.      Such a policy defeats Congress's "purpose[,]" through the FLSA's overtime requirement, to "plac[e] a penalty upon the performance of excessive overtime work[.]" *Id.*

13.      Golden Corral willfully designed its policy and practice to avoid its overtime obligations.

14.      Golden Corral's policy and practice directly contravenes the requirements of the FLSA.

15.      Golden Corral's policy and practice also is illegal under the Ohio and Pennsylvania Wage Laws.

16.      Golden Corral applies the same scheme to its AM trainees nationwide.

17.      By agreement of the parties, dated April 6, 2016, the statute of limitations for FLSA and state wage and hour claims on behalf of Plaintiff and similarly situated AM trainees nationwide was tolled from March 11, 2016 through January 13, 2017.

## THE PARTIES

*Plaintiff Robert Schriver*

18.      Plaintiff Robert Schriver is an adult individual who is a resident of Lower Burrell, Pennsylvania.

19.      Schriver was employed by Golden Corral from approximately May 2014 to approximately September 2015.

20.      Schriver was employed as a non-exempt AM trainee from approximately May 2014 to approximately August 2014.

21.     Schriver worked as an AM trainee at a Golden Corral location in Canton, Ohio, from approximately May 2014 to approximately June 2014.

22.     Schriver also worked as an AM trainee at a Golden Corral location in Erie, Pennsylvania from approximately June 2014 to approximately July 2014.

23.     As an AM trainee, Schriver frequently worked more than 40 hours per week and often worked 60 to 70 hours per week.

24.     Pursuant to Golden Corral's policy and practice, as an AM trainee, Schriver was not paid an overtime premium for hours over 40 that he worked.

25.     Instead, as an AM trainee, Schriver was paid a pre-set lump sum payment each week.

26.     Pursuant to Golden Corral's policy and practice, as an AM trainee, Schriver's pay stayed the same regardless of the number of overtime hours that he worked.

27.     After Schriver completed his training, he was employed as an exempt Associate Manager from approximately August 2014 to approximately September 2015.

28.     Schriver worked as an Associate Manager at a Golden Corral location in Boardman, Ohio from approximately August 2014 to approximately October 2014.

29.     Schriver also worked as an Associate Manager at a Golden Corral location in Monroeville, Pennsylvania from approximately October 2014 to approximately September 2015.

30.     While employed as an Associate Manager, Schriver regularly worked more than 40 hours per week.

31.     Pursuant to Golden Corral's policy and pattern or practice, Golden Corral classified Schriver as exempt from overtime protections when he worked as an Associate Manager, and did

not pay Schriver overtime premium pay when he worked in excess of 40 hours in a workweek as an Associate Manager.

32. Schriver is a covered employee within the meaning of the FLSA, the Ohio Wage Laws, and the Pennsylvania Wage Laws.

33. A written consent form signed by Schriver is attached hereto as **Exhibit A**.

*Defendant Golden Corral*

34. Golden Corral's principal executive office is located at 5151 Glenwood Avenue, Raleigh, North Carolina 27612.

35. Golden Corral is a covered employer within the meaning of the FLSA, the Ohio Wage Laws, and the Pennsylvania Wage Laws.

36. At all times relevant, Golden Corral maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the compensation, timekeeping, payroll, and other employment practices that applied to them.

37. Golden Corral applies the same employment policies, practices, and procedures to all AMs trainees at all Golden Corral restaurants, including policies, practices, and procedures with respect to compensation.

38. At all times relevant, Golden Corral's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

39. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

40. Plaintiff's state law claims are so closely related to his FLSA claim that they form part of the same case or controversy under Article III of the United States Constitution.

41.     In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

42.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

43.     Venue is proper in the Northern District of Ohio, Eastern Division, Youngstown pursuant to 28 U.S.C. § 1391 because Defendant operates there, and a substantial part of the events or omissions giving rise to the claims occurred in this district.  Defendant is subject to personal jurisdiction in Ohio.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who worked as AM trainees at Golden Corral restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

45.     Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated AM trainees.

46.     Consistent with Defendant's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid an overtime premium when they worked beyond 40 hours in a workweek.  Instead, Plaintiff and the members of the FLSA Collective were paid a pre-set weekly lump sum for overtime regardless of the amount of overtime hours worked.

47.     All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

48.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiff and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    (a)    willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

    (b)    willfully paying Plaintiff and the members of the FLSA Collective a pre-set weekly lump sum regardless of the amount of overtime hours worked and in lieu of overtime wages; and

    (c)    willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

49.    Defendant is aware or should have been aware that federal law required it to pay Plaintiff and members of the FLSA Collective an overtime premium for hours worked in excess of 40 hours per workweek and not a pre-set lump sum.

50.    Defendant's unlawful conduct has been widespread, repeated, and consistent.

51.    There are many similarly situated current and former AM trainees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

52.    Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

53.    Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## OHIO CLASS ACTION ALLEGATIONS

54.    Plaintiff Schriver brings the Second Cause of Action, an Ohio Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

    All persons who work or have worked as an AM trainee at any Golden Corral restaurant in Ohio between March 15, 2014, and the date of final judgment in this matter (the "Ohio Rule 23 Class").

55.     Excluded from the Ohio Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Rule 23 Class.

56.     The members of the Ohio Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Schriver, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

57.     Upon information and belief, the size of the Ohio Rule 23 Class is at least 40 individuals.

58.     Defendant has acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Rule 23 Class as a whole.

59.     Common questions of law and fact exist as to the Ohio Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not limited to, the following:

(a)     whether Defendant violated the Ohio Wage Laws;

(b)     whether Defendant paid Plaintiff Schriver and the members of the Ohio Rule 23 Class a pre-set weekly lump sum regardless of the amount of overtime hours worked;

(c)     whether Defendant's policy of paying Plaintiff Schriver and the Ohio Rule 23 Class a pre-set weekly lump sum and of failing to pay Plaintiff Schriver proper overtime compensation was done willfully or with reckless disregard of the law;

(d) whether Defendant failed to keep true and accurate time records of all hours worked by Plaintiff Schriver and the Ohio Rule 23 Class;

(e) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

(f) the nature and extent of class-wide injury and the measure of damages for those injuries.

60. The claims of Plaintiff Schriver are typical of the claims of the Ohio Rule 23 Class he seeks to represent.

61. Plaintiff Schriver and all of the Ohio Rule 23 Class Members work, or have worked, for Defendant as AM trainees.

62. Plaintiff Schriver and the Ohio Rule 23 Class Members enjoy the same statutory rights under the Ohio Wage Laws, including to be paid for all hours worked and to be paid overtime wages. Plaintiff Schriver and the Ohio Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Wage Laws. Plaintiff Schriver and the Ohio Rule 23 Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

63. Plaintiff Schriver will fairly and adequately represent and protect the interests of the members of the Ohio Rule 23 Class. Plaintiff Schriver understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff Schriver recognizes that as a class representative, he must represent and consider the interests of the Ohio Rule 23 Class just as he would represent and consider his own interests. Plaintiff Schriver understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. Plaintiff Schriver recognizes that any resolution of a class action lawsuit, including any settlement or

dismissal thereof, must be in the best interests of the Ohio Rule 23 Class. Plaintiff Schriver understands that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify at deposition and/or trial.

64.     Plaintiff Schriver has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff Schriver and the Ohio Rule 23 Class Members.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Ohio Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Ohio Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Ohio Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

66.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## **PENNSYLVANIA CLASS ACTION ALLEGATIONS**

67.     Plaintiff Schriver brings the Third Cause of Action, a Pennsylvania Wage Law claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an AM trainee at any Golden Corral restaurant in Pennsylvania between March 15, 2013, and the date of final judgment in this matter (the "Pennsylvania Rule 23 Class").

68.     Excluded from the Pennsylvania Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Rule 23 Class.

69.     The members of the Pennsylvania Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Schriver, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

70.     Upon information and belief, the size of the Pennsylvania Rule 23 Class is at least 40 individuals.

71.     Defendant acted or refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Rule 23 Class as a whole.

72.     Common questions of law and fact exist as to the Pennsylvania Rule 23 Class that predominate over any questions solely affecting them individually and include, but are not

limited to, the following:

    (a)    whether Defendant violated the Pennsylvania Wage Laws;

    (b)    whether Defendant paid Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class a pre-set weekly lump sum regardless of the amount of overtime hours worked;

    (c)    whether Defendant's policy of paying Plaintiff Schriver and the Pennsylvania Rule 23 Class a pre-set weekly lump sum and of failing to pay Plaintiff Schriver proper overtime compensation was done willfully or with reckless disregard of the law;

    (d)    whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff Schriver and the Pennsylvania Rule 23 Class;

    (e)    what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and

    (f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

73.    The claims of Plaintiff Schriver are typical of the claims of the Pennsylvania Rule 23 Class he seeks to represent.

74.    Plaintiff Schriver and all of the Pennsylvania Rule 23 Class Members work, or have worked, for Defendant as AM trainees.

75.    Plaintiff Schriver and the Pennsylvania Rule 23 Class Members enjoy the same statutory rights under the Pennsylvania Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Plaintiff Schriver and the Pennsylvania Rule 23 Class Members have all sustained similar types of damages as a result of Defendant's failure to comply with the Pennsylvania Wage Laws.  Plaintiff Schriver and the Pennsylvania Rule 23 Class Members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

76.    Plaintiff Schriver will fairly and adequately represent and protect the interests of

the members of the Pennsylvania Rule 23 Class. Plaintiff Schriver understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff Schriver recognizes that as a class representative, he must represent and consider the interests of the Pennsylvania Rule 23 Class just as he would represent and consider his own interests. Plaintiff Schriver understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. Plaintiff Schriver recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Rule 23 Class. Plaintiff Schriver understands that in order to provide adequate representation, he must be informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify at deposition and/or trial.

77.     Plaintiff Schriver has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff Schriver and the Pennsylvania Rule 23 Class Members.

78.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Pennsylvania Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Pennsylvania Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Pennsylvania Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden of

individual prosecution of this litigation. The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

79. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

80. Plaintiff and the members of the Ohio Rule 23 Class and Pennsylvania Rule 23 Class ("Class Members") and the FLSA Collective ("Collective Members") worked for Defendant as AM trainees.

81. Defendant classified Plaintiff and the Class and Collective Members as hourly non-exempt workers.

82. Defendant's policy and practice was to compensate Plaintiff and the Class and Collective Members with a pre-set lump sum regardless of the amount of overtime hours actually worked.

83. Defendant's offer letter, provided to Plaintiff and the Class and Collective Members, did not specify their regular hourly rate of pay or their overtime rate of pay.

84. Defendant's policy and practice was to pay Plaintiff and the Class and Collective Members a lump sum that it claimed would cover a 70-hour workweek regardless of the amount of overtime hours actually worked.

85. Throughout their training period, Plaintiff and the Class and Collective Members were expected to work the same general schedule from week to week.

86. Throughout their training period, the schedule of Plaintiff and the Class and Collective Members did not vary significantly from week to week.

87. Defendant's policy and practice was that Plaintiff and Class and Collective Members were expected to work more than 40 hours per week.

88. Throughout their training period, Plaintiff and the Class and Collective Members consistently worked more than 40 hours per week.

89. Defendant was aware that Plaintiff and the Class and Collective Members worked more than 40 hours per workweek, yet Defendant failed to pay them an overtime premium for any of the hours worked over 40 in a workweek.

90. Defendant did not keep accurate records of hours worked by Plaintiff or the Class and Collective Members. That is, although Plaintiff and Class and Collective Members routinely worked more than 40 hours, Defendant did not record those hours.

## PLAINTIFF SCHRIVER'S INDIVIDUAL MISCLASSIFICATION ALLEGATIONS

91. Plaintiff Schriver also brings the First Cause of Action, for unpaid overtime compensation pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*. on behalf of himself, for the period when he worked as an Associate Manager.

92. Defendant is liable to Plaintiff Schriver under the FLSA for, *inter alia*, misclassifying him as exempt from the overtime protections of the FLSA when he worked as an Associate Manager.

93. Throughout his employment with Defendant as an Associate Manager, Plaintiff Schriver regularly worked more than 40 hours per week.

94. Consistent with Defendant's policy of misclassifying his as exempt from overtime protections, Plaintiff was not paid overtime premium compensation when he worked beyond 40

hours in a workweek as an Associate Manager.

95.     Defendant was aware that Plaintiff Schriver worked more than 40 hours per workweek as an Associate Manager, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

96.     Defendant did not keep accurate records of hours worked by Plaintiff Schriver as an Associate Manager.

97.     As an Associate Manager, Plaintiff Schriver spent the majority of his time performing the same duties that non-exempt restaurant employees performed, including cooking and preparing food; taking out trash; cleaning the restaurant; and serving customers.  Performing these tasks was his primary duty as an Associate Manager.

98.     Plaintiff Schriver's primary job duties as an Associate Manager did not include hiring, firing, scheduling, or disciplining other employees.

99.     Plaintiff Schriver's primary job duties as an Associate Manager were not directly related to Defendant's management or general business operations.

100.    Plaintiff Schriver's primary job duties as an Associate Manager did not include the exercise of discretion or independent judgment regarding matters of significance.

101.    Defendant is aware or should have been aware that federal law required it to pay Plaintiff Schriver overtime premium pay for hours he worked as an Associate Manager in excess of 40 per workweek.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Overtime Wages
### (Brought on behalf of Plaintiff Schriver and the FLSA Collective)

102. Plaintiff Schriver realleges and incorporates by reference all allegations in all preceding paragraphs.

103. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

104. At all relevant times, Plaintiff Schriver and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

105. At all relevant times, Defendant employed Plaintiff Schriver and the FLSA Collective.

106. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

107. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

108. At all relevant times, Plaintiff Schriver and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

109. Defendant failed to pay Plaintiff Schriver and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

110. Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Schriver and other similarly situated current and former employees.

111.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

112.    As a result of Defendant's willful violations of the FLSA, Plaintiff Schriver and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

113.    As a result of the unlawful acts of Defendant, Plaintiff Schriver and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Ohio Wage Laws: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff Schriver and the Ohio Rule 23 Class)**

114.    Plaintiff Schriver realleges and incorporates by reference all allegations in all preceding paragraphs.

115.    Defendant engaged in a widespread pattern, policy, and practice of violating the Ohio Wage Laws, as detailed in this Class and Collective Action Complaint.

116.    At all times relevant, Plaintiff Schriver and the members of the Ohio Rule 23 Class have been employees and Defendant has been an employer within the meaning of the Ohio Wage Laws.

117.    Plaintiff Schriver and the members of the Ohio Rule 23 Class are covered by Ohio Wage Laws and accompanying regulations.

118.    Defendant employed Plaintiff Schriver and the members of the Ohio Rule 23 Class.

119.    Defendant violated Ohio Wage Laws, in relevant part, by failing to pay Plaintiff

Schriver and the members of the Ohio Rule 23 Class overtime compensation as required by the Ohio Wage Laws, including Ohio Rev. Code Ann. §§ 4111.01 *et seq.*, and § 4113.15.

120.     Defendant failed to pay Plaintiff Schriver and the members of the Ohio Rule 23 Class overtime for hours worked over 40 in a workweek.

121.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Schriver and the members of the Ohio Rule 23 Class.

122.     Defendant's violations of the Ohio Wage Laws have been willful and intentional.

123.     Due to Defendant's violations of the Ohio Wage Laws, Plaintiff Schriver and the members of the Ohio Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, penalties, and pre-judgment and post-judgment interest.

<u>THIRD CAUSE OF ACTION</u>
**Pennsylvania Wage Laws: Unpaid Overtime Wages**
**(Brought on Behalf of Plaintiff Schriver and the Pennsylvania Rule 23 Class)**

124.     Plaintiff Schriver realleges and incorporates by reference all allegations in all preceding paragraphs.

125.     Defendant engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Laws, as detailed in this Class and Collective Action Complaint.

126.     At all times relevant, Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class have been employees and Defendant has been an employer within the meaning of the Pennsylvania Wage Laws.

127.     Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class are covered by Pennsylvania Wage Laws and accompanying regulations.

128.     Defendant employed Plaintiff Schriver and the members of the Pennsylvania Rule

23 Class.

129.    Defendant violated Pennsylvania Wage Laws, in relevant part, by failing to pay Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class overtime compensation as required by the Pennsylvania Wage Laws, including 43 Pa. Cons. Stat. § 333.104(c).

130.    Defendant failed to pay Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class overtime for hours worked over 40 in a workweek.

131.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class.

132.    Defendant's violations of the Pennsylvania Wage Laws have been willful and intentional.

133.    Due to Defendant's violations of the Pennsylvania Wage Laws, Plaintiff Schriver and the members of the Pennsylvania Rule 23 Class are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, penalties, and pre-judgment and post-judgment interest

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A.    That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all AM trainees and similarly situated employees who are presently, or have at any time since March 15, 2013, up through and including the date of this Court's issuance of court-supervised notice, worked at Golden Corral. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Unpaid overtime pay and any penalties and other damages as permitted by law pursuant to the Ohio and Pennsylvania Wage Laws;

D.      Certification of the Ohio and Pennsylvania Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.      Designation of Plaintiff as a Class Representative for the Ohio and Pennsylvania Classes and counsel of record as Class Counsel;

F.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

G.      Pre-judgment interest and post-judgment interest;

H.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I.      A reasonable incentive award for Plaintiff to compensate him for the time and effort he has spent and will spend protecting the interests of other AM trainees, and the risks he is undertaking;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated: January 18, 2017
        Cleveland, Ohio                        Respectfully submitted,

                                               /s/ Drew Legando
                                               Drew Legando (0084209)
                                               Jack Landskroner (0059227)
                                               **LANDSKRONER GRIECO MERRIMAN LLC**
                                               1360 West Ninth Street, Suite 200
                                               Cleveland, Ohio 44107
                                               Telephone: (216) 522-9000

Fax: (216) 522-9007
Email: drew@lgmlegal.com, jack@lgmlegal.com

**OUTTEN & GOLDEN LLP**
Justin M. Swartz*
Melissa L. Stewart*
Christopher M. McNerney*
685 Third Avenue, 25th Floor
New York, New York 10017
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
1515 S. Federal Highway
Boca Raton, Florida 33432
Telephone: (561) 447-8888

Michael Palitz*
830 3rd Avenue, 5th Floor
New York, New York 10022
Telephone: (800) 616-4000

*Attorneys for Plaintiff and the Putative
Classes and Collective*

* *Pro hac vice* application forthcoming